

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PAULA REED, | ) | Case No.:   20-12472-JDW |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the debtor's *Motion to Avoid Judicial Lien* (the "Motion") and *Greenwood Leflore Hospital's Response to Debtor's Motion to Avoid Judicial Lien*.[1] The Motion is due to be denied.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc*

---

[1] (Dkt. # 26); (Dkt. # 33).

1

*Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

## FINDINGS OF FACT

On April 2, 2015, Greenwood Leflore Hospital enrolled a judicial lien against the debtor with the Circuit Clerk of Leflore County, Mississippi.[2] The debtor filed her bankruptcy petition on August 4, 2020.[3] She then filed her schedules, including Schedule C, which lists her claimed exemptions.[4]

The debtor filed her first motion to avoid the judicial lien of the hospital on September 30, 2021.[5] The hospital objected to that motion.[6] A hearing was held on December 7, 2021, where the Court denied the debtor's motion because the motion failed to provide details as to the property against which the debtor sought to avoid the lien.[7] At that hearing, the Court explained that simply referencing Schedule C in the motion was insufficient.

On the same day, the debtor filed this amended Motion.[8] The only material change from the original motion is that instead of referring to Schedule C generally, the debtor attached it as an exhibit.[9] The Motion still

---

[2] (Dkt. # 23, Ex. A).
[3] (Dkt. # 1).
[4] (Dkt. # 13).
[5] (Dkt. # 20).
[6] (Dkt. # 23).
[7] (Dkt. # 29).
[8] (Dkt. # 26).
[9] *Id.*

does not specify which exemptions are impaired by the judicial lien, or the amount of the claimed exemption. Again, the hospital objected.[10]

## CONCLUSIONS OF LAW

Whether a lien can be avoided is a two-part procedure with regard to each claimed exemption. First, the debtor must be entitled to an exemption under Mississippi law.[11] Second, the lien must be avoidable under the Bankruptcy Code as to each item claimed.[12]

### A. Exemptions in Bankruptcy

The Bankruptcy Code permits an individual debtor to exempt certain property from the bankruptcy estate, removing that property from the pool of assets available to satisfy the claims in the case.[13] Exemptions allow a debtor to maintain a minimal standard of living "so that the debtor is not a ward of society after the bankruptcy" and are a "fundamental component of an individual debtor's fresh start."[14] In order to claim exemptions, a debtor must

---

[10] (Dkt. # 33).
[11] *In re Evans*, 548 B.R. 449, 453 (Bankr. N.D. Miss. 2016) (citing *In re Thompson*, 263 B.R. 134, 136 (Bankr.W.D.Okla.2001)).
[12] 11 U.S.C. § 522(f)-(g). *See Evans*, 548 B.R. at 451; *In re Levin*, No. 8-17-77330-LAS, 2020 WL 1987783, at *2 (Bankr. E.D.N.Y. Apr. 24, 2020) (citing *In re Schneider*, No. 12-77005-ast, No. 13-70791-ast, 2013 WL 5979756, at *6 (Bankr. E.D.N.Y. Nov. 8, 2013); *In re Goswami*, 304 B.R. 386, 390-91 (B.A.P. 9th Cir. 2003)).
[13] 11 U.S.C. § 522(b)-(c). *See also In re Banfi*, No. 19-77029-AST, 2021 WL 2407504, at *3 (Bankr. E.D.N.Y. June 9, 2021) ("To facilitate the debtor's fresh start, Section 522 authorizes a consumer debtor to claim certain property as exempt, which 'removes the property from the bankruptcy estate, putting it beyond the reach of creditors'")(quoting *In re Johnson*, 2011 WL 7637217, at *2 (E.D. Mich. June 14, 2011)).
[14] *Evans*, 548 B.R. at 451 (citing EXEC. OFFICE FOR U.S. TRUSTEES, DEPT. OF JUSTICE, REPORT TO CONGRESS: UTILIZATION OF THE DEFINITION OF HOUSEHOLD GOODS IN 11 U.S.C. § 522(F)(4) AND ITS IMPACT ON DEBTORS AND THEE BANKR. COURTS (2007),

3

file a list of property claimed as exempt in Schedule C.[15] Rules 4003(a) and 1007 of the Federal Rules of Bankruptcy Procedure establish the format and information that a debtor must file for the claimed exemptions. The property exempted by a debtor is then considered exempt unless a party in interest objects.[16] Section 522(d) lists categories of property that a debtor may claim as exempt (known as the "federal exemptions"), but § 522(b) provides that states may opt out of the federal exemptions and require the debtor to use the state law exemptions. Mississippi, along with many other states, has opted out, limiting Mississippi debtors to the exemptions provided under Mississippi state law.[17] The trustee cannot liquidate property that is fully exempt under § 522.[18]

### B. Lien Avoidance Under § 522(f)

A debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [§ 522(b)]" if the lien is a judicial lien or a nonpossessory, nonpurchase-money security interest in certain property.[19] To be avoidable, the lien must impair an exemption to which the debtor is

---

https://www.justice.gov/sites/default/files/ust/legacy/2011/07/13/Rpt_to_Congress_Household_Goods.pdf.; *In re Urban*, 361 B.R. 910, 913 (Bankr. D. Mont. 2007), aff'd, 375 B.R. 882 (B.A.P. 9th Cir. 2007).
[15] *Evans*, 548 B.R. at 452.
[16] 11 U.S.C. § 522(l).
[17] MISS. CODE ANN. § 85-3-2
[18] *See Owen v. Owen*, 500 U.S. 305, 308 (1991).
[19] 11 U.S.C. § 522(f).

4

entitled.[20]  Even if property is exempt and the lien is avoidable, a judicial lien is only avoided "to the extent that such lien impairs an exemption. . ."[21]  In other words, lien avoidance is not always absolute.  If an exemption is limited in amount, and there is equity in the asset above the exemption amount, the lien remains in place as to that equity.[22]  A lien is considered to impair an exemption:

> to the extent that the sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.[23]

Accordingly, a lien avoidance motion must identify "the property subject to the judicial lien, [. . .] the value of the property, the amount due on account of all liens against it, and the amount of the exemption claimed by the debtor."[24]

Here, the debtor filed the Motion and attached Schedule C, which lists the entirety of claimed exemptions.  But the Motion fails, at minimum, to

---

[20] *Evans*, 548 B.R. 449, 451 (Bankr. N.D. Miss. 2016); *See also Levin*, No. 8-17-77330-LAS, 2020 at *2 (citing *Schneider*, No. 12-77005-ast, No. 13-70791-ast, 2013 WL 5979756, at *6; *Goswami*, 304 B.R. at 390-91).
[21] 11 U.S.C. § 522(f).
[22] For example, in Mississippi, debtors enjoy a homestead exemption of $75,000.00. If a particular home is worth $200,000.00, and there are no other liens on the property, the debtor could avoid a judicial lien encumbering the home to the extent of the $75,000.00 exemption, but the lien would remain in place as to the remaining value.
[23] 11 U.S.C. § 522(f).
[24] *In re Kiproff*, No. 05-13008, 2006 WL 2381717, at *1 (Bankr. N.D. Ind. Aug. 16, 2006). *See also Schneider*, No. 12-77005-AST, 2013 WL 5979756, at *6 ("at a minimum, a § 522(f) motion must accurately state the amount (if any) of the [. . .] exemption actually claimed by the debtor").

identify the property subject to the lien or the amount due on account of the liens against it. As the Court previously noted at the hearing on the first motion, it is not enough to simply refer to or attach Schedule C when seeking lien avoidance. The creditor here has no notice of what property the debtor claims is subject to lien avoidance, the limits of the exemption, the value of the property, or the total of aggregate claims.[25] Allowing the debtor to simply reference or attach her schedules to a motion places the burden on the creditor to determine what parts of Schedule C are at issue. Significant notice concerns are implicated by this practice. Creditors have no real notice of what assets are being removed from the reach of the lien, the value of those assets, the equity in those assets, or whether the lien avoidance is absolute or limited. This leaves creditors with no meaningful way to respond other than with a blanket objection.

---

[25] FED. R. BANKR. P. 9013 ("The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought"). *See also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950)("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *In re Franklin*, 210 B.R. 560, 565 (Bankr. N.D. Ill. 1997) ([I]t is a general requirement of constitutional due process that a lienholder be given actual notice of any proceeding in which its lien may be lost [. . .] Even if a lienholder has general knowledge that lien avoidance is possible, the lienholder is still entitled to notice of the particular proceeding that may result in loss of the lien")(citing *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983)).

## IV. CONCLUSION

Because the motion fails to state a claim for relief with sufficient particularity, the Motion is due to be denied.[26]

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Motion (Dkt. # 26) is **DENIED**.

##END OF OPINION##

---

[26] FED. R. BANKR. P. 9013.